IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEVON EDMONDS,[1] §
    Petitioner, §
     §
VS. §   Civil Action No. 4:17-CV-043-O
     §
JODY R. UPTON, Warden, §
FMC-Carswell, §
    Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 filed by petitioner, Levon Edmonds, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

This case involves the Initiative on Executive Clemency (IEC)[2] for federal prisoners and Deferred Action for Parents of American and Lawful Permanent Residents (DAPA).

**II. ISSUES**

Petitioner claims that President Obama and the Department of Justice (DOJ) exercised presidential clemency power and executive action in violation of the United States Constitution and federal regulations. *Id.* at 1. Specifically, Petitioner asserts that the president and the DOJ, in violation of her rights to due process and equal treatment under the law, have denied meaningful access to the clemency process based on the new limiting criteria for the IEC and have administered

---

[1] Petitioner is confined under the name of Levon Edmond. FED. BUREAU OF PRISONS, http://www.bop.gov/inmateloc.

[2] Petitioner refers to the IEC as the Clemency Project of 2014. Pet. 1, ECF No. 1.

the new criteria in an arbitrary and discriminatory manner by rendering clemency recommendations and granting clemency to inmates who did not meet their "set criteria" and by discriminating against inmates convicted of white-collar and other non-violent offenses. *Id.* at 3. She also claims that DAPA violates her right to equal treatment under the law by granting illegal aliens various privileges, such as "amnesty/clemency" and deferred criminal prosecution, while maintaining her imprisonment and subjecting her to collateral consequences upon her release that do not apply to DAPA beneficiaries. *Id.* at 4. She seeks release from custody or a reduction in her sentence and expungement of her criminal conviction(s). *Id.* at 5.

**III. DISCUSSION**

As a preliminary matter, this Court must determine whether it has jurisdiction to consider Petitioner's claims in the context of a habeas petition under § 2241. Petitioner contends that this Court has jurisdiction to consider the petition under the Administrative Procedures Act (APA). The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. Petitioner fails to establish that she has petitioned and been denied executive clemency. Furthermore, although the DOJ is an "agency" within the meaning of the APA, its regulations affecting clemency, found at 26 C.F.R. §§ 1.0-1.11, are not binding on the president. 26 C.F.R. § 1.11. "Federal clemency is exclusively executive: Only the President has the power to grant clemency for offenses under federal law." *Harbison v. Bell,* 556 U.S. 180, 187 (2009). And, "the substantive discretion of the president in the exercise of his clemency power is all but absolute." *Spinkellink v. Wainwright,* 578 F.2d 582, 618 (5th Cir. 1978), *cert. denied,* 440 U.S. 976 (1979). Thus, the president can grant or deny clemency at will, notwithstanding the DOJ's procedures or

criteria, and judicial review of clemency decisions is rarely, if ever, appropriate. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). Petitioner fails to establish that judicial review of her clemency claims under the APA is appropriate.

Even assuming the claims were properly presented under § 2241, to obtain federal habeas relief, Petitioner must show that she is being held in "violation of the Constitution, or laws, or treaties of the United States." 26 U.S.C. § 2241(c)(3). Petitioner cannot make such a showing as she has no statutory or constitutional right to clemency or clemency proceedings. *See Conn. Bd. of Pardons v. Dumschat,* 452 U.S. 458, 464-67 (1981). *See also Greenholtz v. Inmates of the Neb. Penal and Corr. Complex,* 442 U.S. 1, 7 (1979) (providing "[d]ecisions of the Executive Branch, however serious th1eir impact, do not automatically invoke due process protection; there simply is no constitutional guarantee that all executive decision making must comply with standards that assure error-free determinations."). Because she has no such right to clemency, she is not entitled to an unbiased decisionmaker or due process in connection with the procedures by which a petition for clemency is considered or a favorable clemency decision. *See Griggs v. Fleming,* 88 Fed. App'x 705, 2004 WL 315195, at *1 (5th Cir.), *cert. denied,* 542 U.S. 931 (2004).

Petitioner's equal protection claim is conclusory. The equal protection clause requires essentially that all persons similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985). To prevail on an equal protection claim, Petitioner must show that an official actor intentionally discriminated against her because of her membership in a protected class or that she received treatment different from that received by similarly situated inmates and that unequal treatment was irrational or based on some constitutionally protected interest. *Gibson v. Tex. Dep't of Ins.,* 700 F.3d 227, 238 (5th Cir. 2012); *Piaster v. Landaus Cty.,* 354 F.3d 414, 424

(5th Cir. 2004). Petitioner fails to establish that she is a member of a protected class; that similarly situated inmates have been treated differently on an irrational basis or improper discriminatory motive; or that she has a constitutionally protected right under the equal protection clause to clemency or clemency review. *See Thompson v. Patteson,* 985 F.2d 202, 207 (5th Cir. 1993). Moreover, Petitioner does not assert that she has yet filed a clemency petition and was personally denied clemency. As such, any possible harm from the alleged defects in the process is purely hypothetical. *See New Orleans Public Serv., Inc. v. Council of City of New Orleans,* 833 F.2d 583, 587 (5th Cir. 1987).

Petitioner's claim under DAPA also lacks merit. Although DAPA is not exempt from notice and comment under the APA, Petitioner fails to establish how a ruling in her favor would result in her immediate release or a reduction of her sentence.[3] Moreover, implementation of DAPA was enjoined on a nationwide basis by the Fifth Circuit's 2015 decision in *Texas v. United States,* 609 F.3d 134 (5th Cir. 2015), *aff'd,* 136 S. Ct. 2271 (2016).

## III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 26 U.S.C. § 2241 is DENIED, and a certificate of appealability is DENIED.

**SO ORDERED** on this 25th day of January, 2018.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[3]Petitioner's pleadings do not indicate the date or offense(s) for which she was convicted and is confined.